**STACIE L. ALBERTS**
Staciealberts@hotmail.com

PO Box 10545
Eugene, Oregon 97440
541-342-1400

FILED 09 DEC '11 08:52 USDC-ORE

Plaintiff, pro se

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AT EUGENE

| | |
|---|---|
| **STACIE L. ALBERTS**, an Oregon Resident )<br>)<br>**Plaintiff** )<br>)<br>v. )<br>)<br>**BAC HOME LOANS SERVICING, LP,** )<br>and **BANK OF AMERICA, N.A.,** )<br>)<br>**Defendants** )<br>)<br>_____ ) | Case No. 6:11-CV-6304-HO<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Alberts has taken numerous steps and has spent over a hundred hours of time related to her efforts to work with Defendants on matters related to loan modifications, production of documents, etc. Plaintiff continues to be stonewalled by Defendant's efforts in this regard.

That positioning by Defendant continues, as is demonstrated in Defendant's response to Plaintiff's Complaint, and Defendant's current Motion to Dismiss. By refusing to provide a copy of the Promissory Note related to Plaintiff's loan on the Property in question, and by introducing documents that are either fraudulently executed

Page 1 – Plaintiff's Response To Defendant's Motion To Dismiss

and notarized (see, Exhibits A, B, C, D, and E).--or alternatively are at the very least of questionable authenticity—Defendant continues its efforts to evade resolution of the matters provided in Plaintiff's Complaint.

## II. ARGUMENT

### 1. Rule 12(b)(6) F.R. Civ.P

Defendant requests that the Court invoke Rule 12(b)(6) F.R. Civ. P to dismiss Plaintiff's Complaint. However, the mere potential existence of assignment irregularities, execution fraud and notary fraud provide the bases upon which Defendant's motion should fail.

Additionally, the continued refusal of Defendant to produce the Promissory Note related to Plaintiff's loan on the Property provides an additional basis upon which denial of Defendant's motion may be based, as standing of the Defendant cannot be established until a review of the Promissory Note, and it's proper assignments, have been made.

As the Court is aware, there exists a powerful presumption against dismissing a count or complaint pursuant to Rule 12(b)(6). *Maez v. Mountain States Telephone and Telegraph, Inc.*, 54 F 3d 1488, 1496 (Fed. Cir. 1993). Also, pursuant to *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 140 (1957), it has long been held that a complaint will only be dismissed if it appears "beyond any doubt" that no set of facts are in support of any of plaintiff's claims. Therefore, as noted in *Gilligan v. Jamco Development Corp.*, 108F.3d 246, 149 (9th Cir. 1987), the motion to dismiss is rarely granted, and is generally viewed in disfavor.

Given the lack of accurate signatures of both the employee purporting to represent

Page 2 – Plaintiff's Response To Defendant's Motion To Dismiss

MERS and Bank of America in this case, and given the potential fraud contained therein, and given the continued refusal of Defendant to provide the Promissory Note related to the debt on the Property (the first request was made 14 months ago) the Court should deny Defendant's motion based upon Rule 12(b)(6).

The Court should deny Defendant's request related to the issue of standing, as the lack of producing the Note provides the necessary inference--in and of itself--of Defendant's lack of standing. A related argument can be made related to Plaintiff's QWR, which meets all legal requirements as the QWR presented was 1) in writing; 2) sent to the loan's servicer; 3) related to the veracity of the servicing of the loan; and 4) provided the reasons for the demand for production. Additionally, the continued failure of Defendant's to produce the Note—even to this Court—provides evidence of bad faith on the part of Defendant in meeting Plaintiff's demand for review.

The Court should deny Defendant's request related to Defendant's breach of the implied covenant of good faith and fair dealing, as Plaintiff has not had the opportunity to depose Defendant's employees.

The Court should deny Defendant's request related to Defendant's negligent misrepresentation claim, as Defendant has breached its duty, which Plaintiff will have the opportunity to prove at trial..

## 2. Judicial Notice

Defendant has asked the Court to take judicial notice of recorded documents, particularly the "Assignment of Deed of Trust." Through the variations of signatures of Christina Baladran, who signed the Assignment on behalf of MERS and Bank of America, a question of fact is raised regarding both the authenticity of the signature, and

Page 3 – Plaintiff's Response To Defendant's Motion To Dismiss

the veracity of the notaries who "witnessed" the signatures, and therefore a denial of Defendant's request of judicial notice should be denied..

This Court has recently provided guidance regarding the issue of judicial notice as that doctrine relates to recorded documents. In the Court's Order for Case No. 10-6143-HO (at pages 3-4), the Court made the following statement regarding the doctrine of judicial notice:

> Fed. R. Evid. 201 governing judicial notice states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid.201(b) .

The Court continued:

> Facts contained in public records are considered appropriate subjects for judicial notice. *Santa Monica Food not Bombs v.City of Santa Monica,* 450 F.3d 1022, 1025 (9th Cir. 2006).Similarly, the "incorporation by reference" doctrine permits a district court when deciding a motion to dismiss, to consider documents whose contents are alleged in a Complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading. *Branch v. Tunnel,* 14 F.3d 444, 454 (9th Cir. 1994). The consequences of taking judicial notice are significant. Judicial notice precludes either party from introducing evidence to disprove that fact. *Rivera v. Phillip Morris, Inc.,* 395 F.3d 1142, 1151 (9th Cir. 2005). Where the trial court has taken judicial notice of a fact, the jury must be instructed to accept that fact as conclusive. Fed. R. Evid. 201(g). The Ninth Circuit has accordingly urged the district courts to be cautious in taking

judicial notice and to do so only when the matter is beyond controversy. *Id.*

In this case, where Defendant introduces these documents, and Plaintiff herein disputes the authenticity of those documents--given the various signatures of Christina Balandran--Federal Rule of Evidence 201 should not come into play here, as it provides that a court may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Again, the various signatures purporting to be those of Christina Balandran obviously calls into question the validity and accuracy of the document, and they should therefore not be judicially noticed as accurate and valid.

### III. CONCLUSION

For the reasons stated above, the Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

DATED this 8th day of December, 2011.

Stacie L. Alberts

*/s/ Stacie L. Alberts*
Stacie L. Alberts
PO Box 10545
Eugene, Oregon 97440
541-342-1400
Plaintiff, pro se

Page 5 – Plaintiff's Response To Defendant's Motion To Dismiss

Jackson County Official Records **2011-011594**
R-ND
Stn=1 ALONZOKM         **04/14/2011 03:19:24 PM**
$10.00 $10.00 $5.00 $11.00 $15.00          **$54.00**

I, Christine Walker, County Clerk for Jackson County, Oregon, certify that the Instrument Identified herein was recorded in the Clerk records.

Christine Walker - County Clerk

After recording return to:
Attn: Foreclosure Department
RECONTRUST COMPANY, N.A.
400 National way
SIMI VALLEY, CA 93065

0408030658

## NOTICE OF DEFAULT AND ELECTION TO SELL

Reference is made to that certain Trust Deed made by SEAN P GLYNN, AND JENNIFER A GLYNN, AS TENANTS BY THE ENTIRETY, as grantors, to LAWYERS TITLE INSURANCE CORPORATION, A VIRGINIA CORPORATION, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, dated 09/07/2005, recorded 09/14/2005, in the mortgage records of Jackson County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2005-056092, covering the following described real property situated in said county and state, to wit:

LOT TEN (10) IN WHISTLING HOLLOW ESTATES SUBDIVISION IN THE CITY OF EAGLE POINT, JACKSON COUNTY, OREGON, ACCORDING TO THE OFFICIAL PLAT THEREOF, RECORDED IN VOLUME 29, PAGE 23 PLAT RECORDS.

PROPERTY ADDRESS:   101 ECHO WAY
                    EAGLE POINT, OR 97524-9626

There is default by the grantor or other person, or by their successor in interest, owing an obligation, the performance of which is secured by said Trust Deed, or by their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantors' failure to pay when due the following sums: monthly payments of $1,844.34 beginning 07/01/2009; plus late charges of $ 75.72 each month beginning 07/01/2009 payment plus prior accrued late charges of $-151.44; plus advances of $135.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default, the Beneficiary has declared all sums owing on the obligation secured by said Trust Deed immediately due and payable, said sums being the following, to wit: $377,936.10 with interest thereon at the rate of 5.125 percent per annum beginning 06/01/2009 plus late charges of $ 75.72 each month beginning 07/01/2009 until paid; plus prior accrued late charges of $-151.44; plus advances of $135.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

| NOTICE OF DEFAULT AND ELECTION TO SELL<br>RE: Trust Deed from<br>SEAN P GLYNN and JENNIFER A GLYNN,<br>            Grantor<br>    To<br>RECONTRUST COMPANY, N.A.,<br>            Trustee        TS No. 10 -0002262 | For Additional Information:<br>Please Contact<br>Foreclosure Department<br>RECONTRUST COMPANY, N.A.<br>RECONTRUST COMPANY, N.A.<br>1800 Tapo Canyon Rd., CA6-914-01-94<br>SIMI VALLEY, CA 93063<br>(800)-281-8219 |
|---|---|

Notice is hereby given that the Beneficiary and Trustee, by reason of said default, have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which the grantor had, or had the power to convey, at the time the grantor executed the Trust Deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations

secured by the Trust Deed and the expenses of the sale, including the compensations of the Trustee as provided by law, and reasonable fees of Trustee's attorneys.

The sale will be held at the hour of 10:00 AM, in accordance with the standard of time established by ORS 187.110 on Monday, August 22, 2011, at the following place: on the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR
, which is the hour, date and place last set for the sale.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the Beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing every other default complained of herein by tendering the performance required under the obligation or Trust Deed, in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by ORS 86.753.

In constructing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

RECONTRUST COMPANY, N.A.

_____ 4-11-11
CHRISTINA BALANDRAN, Authorized Signer

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF Ventura   )

On APR 11 2011 before me, RAMON OLIVAS, notary public, personally appeared CHRISTINA BALANDRAN, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
Notary Public for  CALIFORNIA                    (SEAL)
My commission expires:  JAN 0 5 2013
        RAMON OLIVAS

THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

RAMON OLIVAS
Commission # 1829355
Notary Public - California
Los Angeles County
My Comm. Expires Jan 5, 2013

EXHIBIT B-1

| | Jackson County Official Records **2011-012102** |
|---|---|
| | R-ND |
| | Stn=1 ALONZOKM    **04/19/2011 03:18:43 PM** |
| | $15.00 $10.00 $5.00 $11.00 $15.00    **$59.00** |
| | I, Christine Walker, County Clerk for Jackson County, Oregon, certify that the instrument identified herein was recorded in the Clerk records. |
| | Christine Walker - County Clerk |

After recording return to:
Attn: Foreclosure Department
RECONTRUST COMPANY, N.A.
400 National way
SIMI VALLEY, CA 93065

0 90554411

## NOTICE OF DEFAULT AND ELECTION TO SELL

Reference is made to that certain Trust Deed made by SHARON H GIST, A SINGLE WOMAN, as grantors, to AMERITITLE, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, dated 03/31/2008, recorded 04/04/2008, in the mortgage records of Jackson County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2008-012907, covering the following described real property situated in said county and state, to wit:

SEE ATTACHED LEGAL DESCRIPTION

PROPERTY ADDRESS:   1160 PARK ST
                    ASHLAND, OR 97520-3535

There is default by the grantor or other person, or by their successor in interest, owing an obligation, the performance of which is secured by said Trust Deed, or by their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantors' failure to pay when due the following sums: monthly payments of $1,971.68 beginning 05/01/2009; plus late charges of $ 98.58 each month beginning 05/01/2009 payment plus prior accrued late charges of $-394.32; plus advances of $195.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default, the Beneficiary has declared all sums owing on the obligation secured by said Trust Deed immediately due and payable, said sums being the following, to wit: $364,000.00 with interest thereon at the rate of 6.5 percent per annum beginning 04/01/2009 plus late charges of $ 98.58 each month beginning 05/01/2009 until paid; plus prior accrued late charges of $-394.32; plus advances of $195.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

| NOTICE OF DEFAULT AND ELECTION TO SELL | For Additional Information: |
|---|---|
| RE: Trust Deed from | Please Contact |
| SHARON H GIST, | Foreclosure Department |
| Grantor | RECONTRUST COMPANY, N.A. |
| To | RECONTRUST COMPANY, N.A. |
| RECONTRUST COMPANY, N.A., | 1800 Tapo Canyon Rd., CA6-914-01-94 |
| Trustee    TS No. 10 -0020647 | SIMI VALLEY, CA 93063 |
| | (800)-281-8219 |

Notice is hereby given that the Beneficiary and Trustee, by reason of said default, have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which the grantor had, or had the power to convey, at the time the grantor executed the Trust Deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations secured by the Trust Deed and the expenses of the sale, including the compensations of the Trustee as provided by law, and reasonable fees of Trustee's attorneys.

The sale will be held at the hour of 10:00 AM, in accordance with the standard of time established by ORS 187.110 on Monday, August 22, 2011, at the following place: on the front steps outside the main entrance of the Jackson County Courthouse, 10 South Oakdale, Medford, Jackson County, OR
, which is the hour, date and place last set for the sale.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the Beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing every other default complained of herein by tendering the performance required under the obligation or Trust Deed, in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by ORS 86.753.

In constructing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

RECONTRUST COMPANY, N.A.

4-13-11

STATE OF __CALIFORNIA__ )
                        ) ss.
COUNTY OF __VENTURA__ )

CHRISTINA BALANDRAN
ASSISTANT SECRETARY
K. Mercado

On __APR 13 2011__, before me, _____, notary public, personally appeared __CHRISTINA BALANDRAN__, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

KM

Notary Public for __CALIFORNIA__        (SEAL)
My commission expires: __OCT 18 2012__
K. Mercado

K. MERCADO
Commission # 1818170
Notary Public - California
Ventura County
My Comm. Expires Oct 18, 2012

THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.

EXHIBIT C-1

TICOR TITLE
Accom
09098828141

After recording return to:
Attn: Foreclosure Department
RECONTRUST COMPANY, N.A.
400 National way
SIMI VALLEY, CA 93065

JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK
MTG-DES **2011-004797**
Cnt=1 Pgs=2 Stn=1 JEDWARDS 04/20/2011 03:16 PM
$10.00 $11.00 $15.00 $8.00 $5.00    Total:$49.00

002693612011000479700020025

I, Art Harvey, County Clerk, certify that the within document was received and duly recorded in the official records of Josephine County.

# NOTICE OF DEFAULT AND ELECTION TO SELL

Reference is made to that certain Trust Deed made by MARY L GARESE, AN ESTATE IN FEE SIMPLE, as grantors, to FIDELITY NATIONAL TITLE INSURANCE CO, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, dated 12/10/2005, recorded 12/19/2005, in the mortgage records of Josephine County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2005-029584, covering the following described real property situated in said county and state, to wit:

BEGINNING 495 FEET SOUTH OF THE NORTHWEST CORNER OF THE SOUTHEAST QUARTER OF THE SOUTHEAST QUARTER OF SECTION 34, TOWNSHIP 38 SOUTH, RANGE 5 WEST OF THE WILLAMETTE MERIDIAN; THENCE RUNNING NORTH 150 FEET; THENCE EAST 240 FEET; THENCE SOUTH 150 FEET; THENCE WEST 240 FEET TO THE POINT OF BEGINNING.

PROPERTY ADDRESS:  229 E FORK RD
                   WILLIAMS, OR 97544-9701

There is default by the grantor or other person, or by their successor in interest, owing an obligation, the performance of which is secured by said Trust Deed, or by their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantors' failure to pay when due the following sums: monthly payments of $1,262.23 beginning 05/01/2009; plus late charges of $ 63.11 each month beginning 05/01/2009 payment plus prior accrued late charges of $-128.22; plus advances of $907.50; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default, the Beneficiary has declared all sums owing on the obligation secured by said Trust Deed immediately due and payable, said sums being the following, to wit: $196,590.14 with interest thereon at the rate of 6.25 percent per annum beginning 04/01/2009 plus late charges of $ 63.11 each month beginning 05/01/2009 until paid; plus prior accrued late charges of $-128.22; plus advances of $907.50; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

| NOTICE OF DEFAULT AND ELECTION TO SELL<br>RE: Trust Deed from<br>MARY L GARESE and MARY L GARESE,<br>    Grantor<br>  To<br>RECONTRUST COMPANY, N.A.,<br>    Trustee       TS No. 09 -0184440 | For Additional Information:<br>Please Contact<br>Foreclosure Department<br>RECONTRUST COMPANY, N.A.<br>RECONTRUST COMPANY, N.A.<br>1800 Tapo Canyon Rd., CA6-914-01-94<br>SIMI VALLEY, CA 93063<br>(800)-281-8219 |
|---|---|

Notice is hereby given that the Beneficiary and Trustee, by reason of said default, have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which the grantor had, or had the power to convey, at the time the grantor executed the Trust Deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations

TICOR TITLE has recorded this instrument by request as an accommodation only, and has not examined it for regularity and sufficiency or as to its effect upon the title to any real property that may be described therein

EXHIBIT C-2



secured by the Trust Deed and the expenses of the sale, including the compensations of the Trustee as provided by law, and reasonable fees of Trustee's attorneys.

The sale will be held at the hour of 10:00 AM , in accordance with the standard of time established by ORS 187.110 on Wednesday, August 24, 2011, at the following place: inside the main lobby of the Josephine County Courthouse, 500 NW 6th ( 6th and C), Grants Pass, Josephine County, OR
, which is the hour, date and place last set for the sale.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the Beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing every other default complained of herein by tendering the performance required under the obligation or Trust Deed, in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by ORS 86.753.

In constructing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

RECONTRUST COMPANY, N.A.

_____4-15-11_____
CHRISTINA BALANDRAN Authorized Signer

STATE OF __CALIFORNIA__ )
) ss.
COUNTY OF __VENTURA__ )

On __APR 15 2011__, before me, __E.L. HOWARD__, notary public, personally appeared __CHRISTINA BALANDRAN__, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_E. L. Howard_
Notary Public for __CALIFORNIA__         (SEAL)
My commission expires: __AUG 2 8 2014__
E.L. HOWARD

E. L. HOWARD
COMM. #1901815
Notary Public-California
VENTURA COUNTY
My Comm. Exp. AUG 28, 2014

THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.



EXHIBIT D-1



**TICOR TITLE**
Acom
100411946
After recording return to:
Attn: Foreclosure Department
RECONTRUST COMPANY, N.A.
400 National way
SIMI VALLEY, CA 93065

JOSEPHINE COUNTY OFFICIAL RECORDS
ART HARVEY, COUNTY CLERK **2011-005034**
MTG-DES
Cnt=1 Pgs=3 Stn=3 TMORRIS    04/26/2011 03:32 PM
$15.00 $11.00 $15.00 $8.00 $5.00    Total:$54.00

0026966320110005034003003

I, Art Harvey, County Clerk, certify that the within document was received and duly recorded in the official records of Josephine County.

## NOTICE OF DEFAULT AND ELECTION TO SELL

Reference is made to that certain Trust Deed made by JOSEPH F. CUBEROS, as grantors, to DAVID A. KUBAT, BAR #OSBA84265, as Trustee, in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, dated 12/21/2006, recorded 01/12/2007, in the mortgage records of Josephine County, Oregon, as Recorder's fee/file/instrument/microfilm/reception Number 2007-000834, covering the following described real property situated in said county and state, to wit:

SEE ATTACHED FOR LEGAL DESCRIPTION

PROPERTY ADDRESS:  5185 LAKESHORE DRIVE
                    SELMA, OR 97538

There is default by the grantor or other person, or by their successor in interest, owing an obligation, the performance of which is secured by said Trust Deed, or by their successor in interest, with respect to provisions therein which authorize sale in the event of default of such provision. The default for which foreclosure is made is grantors' failure to pay when due the following sums: monthly payments of $1,148.06 beginning 03/01/2010; plus late charges of $ 51.25 each month beginning 03/01/2010 payment plus prior accrued late charges of $-102.50; plus advances of $ 15.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

By reason of said default, the Beneficiary has declared all sums owing on the obligation secured by said Trust Deed immediately due and payable, said sums being the following, to wit: $162,041.55 with interest thereon at the rate of 6.125 percent per annum beginning 02/01/2010 plus late charges of $ 51.25 each month beginning 03/01/2010 until paid; plus prior accrued late charges of $-102.50; plus advances of $ 15.00; together with title expense, costs, trustee's fees and attorney's fees incurred herein by reason of said default; and any further sums advanced by the Beneficiary for the protection of the above described real property and its interest therein.

| NOTICE OF DEFAULT AND ELECTION TO SELL | For Additional Information: |
| --- | --- |
| RE: Trust Deed from | Please Contact |
| JOSEPH F CUBEROS, | Foreclosure Department |
|     Grantor | RECONTRUST COMPANY, N.A. |
| To | RECONTRUST COMPANY, N.A. |
| RECONTRUST COMPANY, N.A., | 1800 Tapo Canyon Rd., CA6-914-01-94 |
|     Trustee    TS No. 10-0079461 | SIMI VALLEY, CA 93063 |
|  | (800)-281-8219 |

Notice is hereby given that the Beneficiary and Trustee, by reason of said default, have elected and do hereby elect to foreclose the Trust Deed by advertisement and sale pursuant to ORS 86.705 to 86.795, and to cause to be sold at public auction to the highest bidder for cash the interest in the described property which the grantor had, or had the power to convey, at the time the grantor executed the Trust Deed, together with any interest the grantor or grantor's successors in interest acquired after the execution of the Trust Deed, to satisfy the obligations secured by the Trust Deed and the expenses of the sale, including the compensations of the Trustee as provided by law, and reasonable fees of Trustee's attorneys.

TICOR TITLE has recorded this instrument by request as an accommodation only, and has not examined it for regularity and sufficiency or as to its effect upon the title to any real property that may be described therein.

EXHIBIT D-2

2

The sale will be held at the hour of 10:00 AM, in accordance with the standard of time established by ORS 187.110 on Monday, August 22, 2011, at the following place: inside the main lobby of the Josephine County Courthouse, 500 NW 6th (6th and C), Grants Pass, Josephine County, OR
, which is the hour, date and place last set for the sale.

Notice is further given that any person named in ORS 86.753 has the right, at any time prior to five days before the date last set for the sale, to have this foreclosure proceeding dismissed and the Trust Deed reinstated by payment to the Beneficiary of the entire amount then due (other than such portion of the principal as would not then be due had no default occurred) and by curing every other default complained of herein by tendering the performance required under the obligation or Trust Deed, in addition to paying said sums or tendering the performance necessary to cure the default, by paying all costs and expenses actually incurred in enforcing the obligation and Trust Deed, together with trustee's and attorney's fees not exceeding the amounts provided by ORS 86.753.

In constructing this notice, the singular includes the plural, the word "grantor" includes any successor in interest to the grantor as well as any other person owing an obligation, the performance of which is secured by said Trust Deed, and the words "Trustee" and "Beneficiary" include their respective successors in interest, if any.

RECONTRUST COMPANY, N.A.

APR 2 2 2011

STATE OF __CALIFORNIA__ )
                               ) ss.
COUNTY OF __VENTURA__ )

CHRISTINA BALANDRAN    ASSISTANT SECRETARY

On __APR 2 2 2011__, before me, __ANN G. MONTEALEGRE__, notary public, personally appeared __CHRISTINA BALANDRAN__, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Notary Public for __CALIFORNIA__           (SEAL)
My commission expires: __SEP 1 6 2011__
ANN G. MONTEALEGRE

THIS IS AN ATTEMPT TO COLLECT A DEBT AND INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER IF YOU HAVE OR ARE IN THE PROCESS OF OBTAINING DISCHARGE OF THE DEBT FROM A BANKRUPTCY COURT, THIS DOCUMENT IS NOT AN ATTEMPT TO COLLECT A DEBT, BUT ONLY ENFORCEMENT OF LIEN RIGHTS AGAINST THE PROPERTY.



ANN G. MONTEALEGRE
Commission # 1768259
Notary Public - California
Los Angeles County
My Comm. Expires Sep 16, 2011

AFTER RECORDING RETURN TO
FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF OREGON
800 WILLAMETTE ST., #500
EUGENE, OR 97401

AFTER RECORDING RETURN TO:

Foreclosure Department
RECONTRUST COMPANY, N.A.
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 10-0028175

Division of Chief Deputy Clerk
Lane County Deeds and Records
2010-011199
$42.00

01135870201000111990010015

03/08/2010 11:35:54 AM
RPR-ASN  Cnt=1  Stn=9  CASHIER 06
$5.00  $10.00  $11.00  $16.00

## ASSIGNMENT OF DEED OF TRUST

For Valuable Consideration, the undersigned as Beneficiary, hereby grants, conveys, assigns, and transfers to BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, C/O BAC HOME LOANS SERVICING, LP, 400 COUNTRYWIDE WAY SV-35, SIMI VALLEY, CA 93065, all beneficial interest under that certain Deed of Trust, dated 10/09/2006, executed by STACIE L ALBERTS, A MARRIED WOMAN, Grantor(s), to FIRST AMERICAN TITLE INSURANCE COMPANY, Trustee, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS. INC, as Beneficiary, recorded on 10/18/2006 as Recorder's fee/file/instrument/microfilm/reception number 2006-075623, Records of Lane County, Oregon, describing land. There in: as more fully described in said Deed of Trust.

Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated __MAR 03 2010__, 20 ____.

Mortgage Electronic Registration Systems, Inc.

State of __CALIFORNIA__ )
                         ) ss
County of __VENTURA__    )

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC

By: _____

__CHRISTINA BALANDRAN__, Assistant Secretary

On __MAR 03 2010__, before me, __JANET L. KOCH__, notary public, personally appeared __CHRISTINA BALANDRAN__, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Janet Y Koch_
Notary Public in and for the State of __CALIFORNIA__
Residing at __VENTURA__
My Commission Expires: __Oct 29, 2011__

[Notary Seal: JANET L. KOCH, Commission # 1776832, Notary Public - California, Ventura County, My Comm. Expires Oct 29, 2011]

This instrument filed for record by
Fidelity National Title Company as an
accommodation only. It has not been
examined as to its execution or as to
its effect upon the title.

Page 1 of 1

100122433 /

EXHIBIT E-2

AFTER RECORDING RETURN TO
FIDELITY NATIONAL TITLE INSURANCE
COMPANY OF OREGON
800 WILLAMETTE ST., #500
EUGENE, OR 97401

## APPOINTMENT OF SUCCESSOR TRUSTEE

KNOW ALL MEN BY THESE PRESENTS, that Stacie L Alberts, A Married Woman, as grantor(s), and First American Title Insurance Company, as the Trustee, and Mortgage Electronic Registration Systems. Inc, is the Beneficiary under that certain Trust Deed dated 10/09/2006, and recorded 10/18/2006, as Recorder's fee/file/instrument/microfilm/reception No. 2006-075623 of the Mortgage Records of Lane County, Oregon. The undersigned, who is the present Beneficiary under said Trust Deed desires to appoint a new trustee in the place and stead of the original trustee named above;

NOW THEREFORE, in view of the premises, the undersigned hereby appoints RECONTRUST COMPANY, N.A., whose address is 1800 Tapo Canyon Rd., CA6-914-01-94 SIMI VALLEY, CA 93063 as successor trustee under said Trust Deed, to have all the powers of said original trustee, effective immediately.

In construing this instrument, and whenever the context so requires, the singular includes the plural.

IN WITNESS WHEREOF, the undersigned Beneficiary has executed this document. If the undersigned is a corporation, it has caused its name to be signed and its seal affixed by an officer or other person duly authorized to do so by its board of directors.

DATED: __MAR 03 2010__, 2010.

*BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP*

BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP

By _____
Name: __CHRISTINA BALANDRAN__
Title: Assistant Secretary

STATE OF __CALIFORNIA__ )
) ss.
County of __VENTURA__ )

On __MAR 03 2010__, before me, __JANET L. KOCH__, personally appeared __CHRISTINA BALANDRAN__, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_Janet L. Koch_
Notary Public for __CALIFORNIA__
My commission expires: __Oct 29, 2011__

(SEAL)

JANET L. KOCH
Commission # 1776832
Notary Public - California
Ventura County
My Comm. Expires Oct 29, 2011

APPOINTMENT OF SUCCESSOR TRUSTEE
RE: Trust Deed from
STACIE L ALBERTS
        Grantor
        To
RECONTRUST COMPANY, N.A.
        Trustee TS No. 10-0028175

After recording return to:
RECONTRUST COMPANY, N.A.
C/O RECONTRUST COMPANY, N.A.
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA 93065

This Instrument filed for record by Fidelity National Title Company as an accommodation only. It has not been examined as to its execution or as to its effect upon the title.

Page 1 of 1

Division of Chief Deputy Clerk
Lane County Deeds and Records

2010-011200

$42.00

01135871201000112000010010

03/08/2010 11:35:54 AM
RPR-STR  Cnt=1  Stn=9  CASHIER 06
$5.00 $10.00 $11.00 $16.00

EXHIBIT __C__
PAGE __1__ OF __1__

ORAPTOFSUC (07/07)

100 12433 / 10-14159