IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| STACIE ALBERTS, an Oregon resident, | ) | |
| | ) | Case No. 11-6304-HO |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| BAC HOME LOANS SERVICING, L.P., and | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff brings this action alleging claims for specific performance, negligent misrepresentation, breach of the covenant of good faith and fair dealing, and lack of standing.

Plaintiff alleges that defendants service plaintiff's mortgage and that she has been seeking modification of the loan terms since July 2010. Plaintiff alleges that defendants informed her that the modification had been approved sometime after March 15, 2011.

ORDER - page 1

However, plaintiff asserts that numerous attempts to obtain the loan modification information were unsuccessful and that defendants have now scheduled a sale of her property.  Plaintiff asserts entitlement to specific performance of the loan modification and that she relied on the representation that a modification is forthcoming.

Plaintiff also asserts that she requested information, including the original mortgage note, pursuant to the Real Estate Settlement Procedures Act (RESPA) and that defendants have not provided the information requested.  Plaintiff alleges that she is entitled to reconveyance of the trust deed and a finding that the note is paid in full as defendant cannot produce the requested information.

Defendants move to dismiss contending: (1) plaintiff's first claim for specific performance and third claim for breach of the implied covenant of good faith and fair dealing do not allege an enforceable contract requiring modification of her loan terms; (2) plaintiff's negligent misrepresentation claim fails because defendant owed plaintiff no legal duty; and (3) plaintiff's RESPA claim does not identify a qualified written request or actual damages.

Defendant asks the court to take judicial notice of the Deed of Trust, the assignment of the deed of trust, appointment of a successor Trustee, the notice of default and election to sell, and

ORDER - page 2

a document printed from the Oregon State Bar webiste showing plaintiff's counsel (who has since withdrawn) as being suspended. Plaintiff objects contending the signatures of Christina Balandran, on behalf of BAC Home Loans Servicing, appear to be forged. However, the publicly recorded documents are notarized and the type of documents that are subject to judicial notice. Defendant's request (#10) is granted.

Plaintiff defaulted on her loan beginning October 1, 2009. The deed of trust securing the loan lists Mortgage Electronic Registration Systems (MERS) as a beneficiary as nominee for the lender, Home 123 Corporation. MERS transferred its interest to defendant BAC Home Loans Servicing and recorded such transfer on March 8, 2010. Also on March 8, 2010, defendant appointed ReconTrust Company the successor trustee. ReconTrust recorded a notice of default and election to sell on April 20, 2011. The sale of the property has yet to take place.

Plaintiff's complaint fails to identify any agreement, much less its terms, requiring defendant to modify her loan terms and in response to the motion to dismiss, plaintiff argues she has not had an opportunity to depose defendants' employees. Although pleading requirements are minimal, complaints cannot be used as a fishing expedition. Plaintiff must allege an enforceable agreement upon which to base her claims for specific performance and breach of the duty of good faith and fair dealing. Moreover, to the extent

ORDER - page 3

plaintiff relies on oral representations to modify the loan, such
agreement is barred by the statute of frauds.  ORS § 41.580(1)h).
Plaintiff's response demonstrates that there are no set of facts
that can be reasonably plead demonstrating the viability of her
specific performance and breach of good faith and fair dealing
claims.    The motion to dismiss those claims is granted with
prejudice.

     To succeed on her negligent misrepresentation claim premised
on purely economic harm, plaintiff must plead and prove "[s]ome
source of a duty outside the common law of negligence." Hale v.
Groce, 304 Or. 281, 284 (1987).  Liability for purely economic harm
"must be predicated on some duty of the negligent actor to the
injured party beyond the common law duty to exercise reasonable
care to prevent foreseeable harm." Onita Pacific Corp. v. Trustees
of Bronson, 315 Or. 149, 159 (1992).   Plaintiff has not alleged
any duty beyond the common law of negligence. Plaintiff's response
again resorts to a request to discover the facts upon which to
predicate allegations of a duty.  As noted above, a complaint may
not be filed purely as a vehicle for a fishing expedition.
However, it is unclear if plaintiff could allege harm to her
property beyond purely economic harm and, therefore, dismissal of
this claim is without prejudice.

     Plaintiff's claim under the RESPA fails to allege facts
establishing she made a qualified written request to the loan

ORDER - page 4

servicer regarding the servicing of the loan seeking documents covered by RESPA as required by 12 U.S.C. § 2605(e)(1)(A) and (B). Moreover, damages under RESPA are limited to actual damages or statutory damages which plaintiff has failed to plead as well. While the purported request attached to the complaint appears to request documents unrelated to loan servicing, such as creation of the loan itself, plaintiff shall have leave to amend, if she can reasonably do so, to allege facts demonstrating she made a qualified written request to the appropriate entity with resulting damages based on a failure to respond.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss (#8) is granted. To the extent plaintiff can cure the deficiencies noted above, plaintiff shall have 30 days to file an amended complaint. Failure file an amended complaint curing the deficiencies within 30 days shall result in dismissal with prejudice and judgment in favor of defendants.

DATED this _10th_ day of January, 2012.

Michael R. Hogan
United States District Judge

ORDER - page 5